(Judge Parker of the Sixth Circuit sitting in place of Judge Marvin.)

AMERICAN SUR. CO. OF NEW YORK v. AKRON SAV. BANK CO.

PAYMENT BY SURETY OF DEPOSITARY TO TRUSTEES IN BANKRUPTCY IS NOT PAYMENT
TO THE GOVERNMENT.

> Where a surety on the bond of a depositary for the trustees in bankruptcy
> of an insolvent company, on the depositary becoming insolvent, makes
> payment to the trustees on the penalty of the bond, such payment is not
> made "to the government" so as to entitle the surety to a preference
> over the other creditors of the insolvent depositary within the meaning
> of Sec. 3468 U. S. Rev. Stat.

ERROR to Summit common pleas court.

**D. A. Doyle,** for plaintiff in error.
**Grant & Sieber,** for defendant in error.

## HENRY, J.

The Akron Savings Bank Company was appointed by the United
States district court, for the northern district of Ohio, as one of the
depositaries for the funds of Aultman, Miller & Company in bank-
ruptcy. It was required to give a bond to the United States of America
in the sum of $220,000, which it did, with the American Surety Com-
pany of New York as its surety, to secure such deposits as the trustees
might from time to time make in said bank.

At the time of the failure of the Akron Savings Bank, the
trustees in bankruptcy of Aultman, Miller & Company, had on deposit
in said bank, of the funds of said bankrupt, the sum of $18,543.11. The
receivers have paid to the trustees a first dividend amounting to 10 per
cent of this amount, to wit, $1,854.31, leaving a balance of $16,688.80
still due to the trustees. The trustees made demand on the Surety Com-
pany for this balance and the demand was complied with. The claim of
the American Surety Company, is for said sum of $16,688.80, with in-
terest from August 3, 1904. It furthermore prays that it may have a
preference for the full amount thereof and that said claim may be dis-
charged before payment to any other creditor of the Akron Savings Bank.

Section 3466 U. S. Rev. Stat. provides for the priority of payment
of all claims due to the United States. Section 3468 U. S. Rev. Stat. ex-

tends the same priority to sureties on bonds given to the United States. Said section reads as follows:

"Whenever the principal in any bond given to the United States is insolvent, or whenever, such principal being deceased, his estate and effects which come to the hands of his executor, administrator, or assignee, are insufficient for the payment of his debts, and, in either of such cases, any surety on the bond, or the executor, administrator, or assignee of such surety pays to the United States the money due upon such bond, such surety, his executor, administrator, or assignee, shall have the like priority for the recovery and receipt of the moneys out of the estate and effects of such insolvent or deceased principal as is secured to the United States; and may bring and maintain a suit upon the bond, in law or equity, in his own name, for the recovery of all moneys paid thereon."

There is no doubt that the same right of priority, which belongs to the government, attaches to the claim of an individual, who, as surety, has paid money to the government. And the same is perhaps true where a surety pays money, as it were, for the government of the United States, in a case where the latter is under a merely moral obligation to restore to persons who have suffered loss through the malfeasance of a federal officer or employe such sums as may be recovered or recoverable by it in that behalf. See *United States* v. *National Surety Co.,* decided by the United States district court of Nebraska, a memorandum opinion wherein has been submitted to us.

It is claimed here that a trustee in bankruptcy, who is designated in the bankruptcy act (30 U. S. Stat. at L. 544) as an "officer," falls within the same rule. It is said that inasmuch as he is required by law to deposit all moneys of the bankrupt's estate coming into his possession in depositaries designated by the federal court having jurisdiction, he, as well as such depositaries, must be deemed to be acting for the United States and as an arm of the government in the administration of such funds for the uses and purposes provided by the bankruptcy act.

We think the analogy thus invoked is pressed too far. The sureties in such a case as this have the option to act or not to act in that capacity. They have the same means of judging the insolvency of the depositary as the ordinary rank and file of individual depositors. To give such sureties a preference would be a manifest injustice which we think the law does not contemplate. The United States has provided by law for suretyship of this character in order to preserve the integrity of bankrupt's estates, but it is not nor has it assumed to become the protector

of such sureties by giving them the benefit of the preference which in other cases it claims for itself. We hold that the payment made by the surety in this case, was not made to the United States, either directly or indirectly, within the meaning of the act above quoted.

The judgment or order below is affirmed.

**Winch** and **Parker, JJ.,** concur.